JAMES R. TENERO (SBN 201023)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone : 415.979.0400
Facsimile : 415.979.2099
Email : jtenero@selmanlaw.com

SHERYL W. LEICHENGER (SBN 161688)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025-6538
Telephone : 310.445.0822
Facsimile : 310.473.2525
Email : sleichenger@selmanlaw.com

Attorneys for Defendant
Everest National Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| COUNTY OF SACRAMENTO, | Case No. 2:19-CV-00263-MCL-DB |
|---|---|
| Plaintiff, | EVEREST NATIONAL INSURANCE COMPANY 'S ANSWER TO COUNTY OF SACRAMENTO'S COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND DECLARATORY RELIEF |
| v. | |
| EVEREST NATIONAL INSURANCE COMPANY, | |
| Defendant. | Action Filed: 02/11/2019 |

Defendant Everest National Insurance Company ("Everest National") hereby answers the complaint of plaintiff as follows:

**NATURE OF THE ACTION**

1. In answer to Paragraph 1 of the Complaint, Everest National admits that plaintiff has sued Everest National for alleged breach of contract, breach of the implied covenant of good faith and fair dealing and for declaratory relief. However, Everest National denies these claims.

/ / /

/ / /

# THE PARTIES

2. In answer to Paragraph 2 of the Complaint, Everest National lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

3. In answer to Paragraph 3 of the Complaint, Everest National admits that it is a Delaware corporation with its principal place of business in New Jersey.

# JURISDICTION AND VENUE

4. In answer to Paragraph 4 of the Complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to the relief sought, Everest National admits that this Court has jurisdiction over this action under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5. In answer to Paragraph 5 of the Complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to the relief sought, Everest National admits that venue is proper in the Eastern District of California under 28 U.S.C. §1391 in that a substantial part of the events giving rise to this action occurred in this district.

# THE UNDERLYING LAWSUIT

6. In answer to Paragraph 6 of the Complaint, Everest National admits all allegations therein except that it is Everest National's understanding that on February 4, 2014, the underlying plaintiffs filed a Second Amended Complaint.

7. In answer to Paragraph 7 of the Complaint, Everest National maintains that the allegations therein do not require an admission or denial as the underlying pleadings speak for themselves; however, to the extent a response is required, Everest National admits that the underlying plaintiffs' Second Amended Complaint set forth seven causes of action against the Sacramento County Sheriff's Department: the 1st for Sexual Harassment/Hostile Work Environment (Gov. Code, sec. 12940(j)); the 2nd for Sex Discrimination (Gov. Code, sec. 12940(a)); the 3rd for Race Discrimination/Harassment (Gov. Code, sec. 12940(a)(j)); the 4th for

Retaliation (Gov. Code § 12940(h)); the 5th for Failure to Prevent Harassment/Discrimination (Gov. Code, sec. 12940(a) (3),(k)); the 6th for Harassment/Discrimination in Violation of Public Policy; and the 7th for Retaliation in Violation of Public Policy.  With regard to all other allegations in Paragraph 7, Everest National lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis, denies the remainder of the allegations contained therein.

8. In answer to Paragraph 8 of the Complaint, Everest National maintains that the allegations therein do not require an admission or denial as the underlying pleadings speak for themselves; however, to the extent a response is required, Everest National admits that the underlying plaintiffs' Second Amended Complaint set forth seven causes of action against the Sacramento County Sheriff's Department: the 1st for Sexual Harassment/Hostile Work Environment (Gov. Code, sec. 12940(j)); the 2nd for Sex Discrimination (Gov. Code, sec. 12940(a)); the 3rd for Race Discrimination/Harassment (Gov. Code, sec. 12940(a)(j)); the 4th for Retaliation (Gov. Code § 12940(h)); the 5th for Failure to Prevent Harassment/Discrimination (Gov. Code, sec. 12940(a) (3),(k)); the 6th for Harassment/Discrimination in Violation of Public Policy; and the 7th for Retaliation in Violation of Public Policy. With regard to all other allegations in Paragraph 8, Everest National lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis, denies the remainder of the allegations contained therein.

9. In answer to Paragraph 9 of the Complaint, Everest National admits that the underlying case proceeded to trial solely on plaintiffs' 4th Cause of Action for Retaliation based on California Government Code, section 12940(h).  With regard to all other allegations in Paragraph 9, Everest National lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis, denies the remainder of the allegations contained therein.

10. In answer to Paragraph 10 of the Complaint, Everest National is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11.     In answer to Paragraph 11 of the Complaint, Everest National maintains that the allegations therein do not require an admission or denial as the verdicts speak for themselves; however, to the extent a response is required, Everest National admits the allegations contained therein except that it is Everest National's understanding that the jury awarded plaintiff Mendonca $66,240 (not $55,240) for past economic loss.

12.     In answer to Paragraph 12 of the Complaint, Everest National is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.     In answer to Paragraph 13 of the Complaint, Everest National is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.     In answer to Paragraph 14 of the Complaint, Everest National admits the allegations contained therein.

15.     In answer to Paragraph 15 of the Complaint, Everest National is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.     In answer to Paragraph 16 of the Complaint, Everest National is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**THE EVEREST POLICIES**

17.     In answer to Paragraph 17 of the Complaint, Everest National maintains that the allegations therein do not require an admission or denial as the policies speak for themselves; however, to the extent a response is required, Everest National admits that it issued three policies, Policy Numbers 71P2000030-081 (07/01/2008 – 07/01/2009), 71P2000030-091 (07/01/2009 – 07/01/2010) and 71P2000030-101 (07/01/2010 – 07/01/2011), to named insured, "The County of Sacramento" (the "Everest National Policies"). Everest National further admits that the Everest National Policies provide public entity excess liability coverage. Everest

National further admits that, when applicable and subject to all policy conditions and limitations, the policies provide a $10.0 million liability limit "any one 'employment practice liability wrongful act' or series of continuous, repeated, or related 'employment practice liability wrongful acts' in excess of your 'retained limit'." Everest National further admits that the retained limit is $2.0 million "any one 'employment practice liability wrongful act' or series of continuous, repeated, or related 'employment practice liability wrongful acts'. Everest National further admits that the policies include insuring agreements and other provisions, including, but not limited to, limits of insurance provisions and definitions; however, Everest National refers the parties and Court to the policies themselves for the exact wording and full context and, therefore, denies the remainder of the allegations of Paragraph 17.

18. In answer to Paragraph 18 of the Complaint, Everest National denies each and every allegation contained therein.

19. In answer to Paragraph 19 of the Complaint, Everest National denies each and every allegation contained therein.

20. In answer to Paragraph 20 of the Complaint, Everest National is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**EVEREST DENIES COVERAGE**

21. In answer to Paragraph 21 of the Complaint, Everest National admits the allegations contained therein.

22. In answer to Paragraph 22 of the Complaint, Everest National admits the allegations contained therein.

23. In answer to Paragraph 23 of the Complaint, Everest National admits that by correspondence dated July 20, 2016, Everest National further explained its coverage position to the County of Sacramento.

24. In answer to Paragraph 24 of the Complaint, Everest National admits the allegations contained therein.

///

25. In answer to Paragraph 25 of the Complaint, Everest National admits the allegations contained therein.

## COUNT ONE

### (Breach of Contract)

26. In answer to Paragraph 26 of the Complaint, Everest National incorporates its prior answers to Paragraphs 1 through 25 respectively.

27. In answer to Paragraph 27 of the Complaint, Everest National denies each and every allegation contained therein.

28. In answer to Paragraph 28 of the Complaint, Everest National admits that it has not indemnified the County of Sacramento for the underlying settlement as the settlement is not covered by the Everest National Policies, California law prohibits such indemnification, and other conditions precedent to coverage have not been satisfied..

29. In answer to Paragraph 29 of the Complaint, Everest National denies each and every allegation contained therein.

30. In answer to Paragraph 30 of the Complaint, Everest National denies each and every allegation contained therein.

31. In answer to Paragraph 31 of the Complaint, Everest National denies each and every allegation contained therein.

## COUNT TWO

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

32. In answer to Paragraph 32 of the Complaint, Everest National incorporates its prior answers to Paragraphs 1 through 31 respectively.

33. In answer to Paragraph 33 of the Complaint, Everest National maintains that the allegations therein do not require an admission or denial as they state legal conclusions.

34. In answer to Paragraph 34 of the Complaint, Everest National denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, Everest National denies each and every allegation contained therein.

36. In answer to Paragraph 36 of the Complaint, Everest National denies each and every allegation contained therein.

37. In answer to Paragraph 37 of the Complaint, Everest National denies each and every allegation contained therein.

38. In answer to Paragraph 38 of the Complaint, Everest National denies each and every allegation contained therein.

## COUNT THREE

### (Declaratory Relief)

39. In answer to Paragraph 39 of the Complaint, Everest National incorporates its prior answers to Paragraphs 1 through 38 respectively.

40. In answer to Paragraph 40 of the Complaint, Everest National denies each and every allegation contained therein.

41. In answer to Paragraph 41 of the Complaint, the allegations call for a legal conclusion to which no response is required. However, to the extent a response is required, Everest National admits that it has not indemnified the County of Sacramento for the underlying settlement as the settlement is not covered by the Everest National Policies, California law prohibits such indemnification, and other conditions precedent to coverage have not been satisfied.

42. In answer to Paragraph 42 of the Complaint, Everest National denies each and every allegation contained therein.

43. In answer to Paragraph 43 of the Complaint, Everest National denies each and every allegation contained therein.

### PRAYER FOR RELIEF

Responding to Plaintiffs' prayer for relief, Everest National denies that the County of Sacramento is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1. **AS A FIRST AFFIRMATIVE DEFENSE**, the complaint fails to state a claim upon which relief may be granted.

2. **AS A SECOND AFFIRMATIVE DEFENSE**, Count I for Breach of Contract fails to state a cause of action upon which relief may be granted.

3. **AS A THIRD AFFIRMATIVE DEFENSE**, Count II for Breach of the Implied Covenant of Good Faith and Fair Dealing fails to state a cause of action upon which relief may be granted.

4. **AS A FOURTH AFFIRMATIVE DEFENSE**, Count III for Declaratory Relief fails to state a cause of action upon which relief may be granted.

5. **AS A FIFTH AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred by the doctrine of estoppel.

6. **AS A SIXTH AFFIRMATIVE DEFENSE**, Plaintiff is barred from recovery under the doctrine of laches.

7. **AS A SEVENTH AFFIRMATIVE DEFENSE**, plaintiff is barred from all claims under any and all applicable statutes of limitations, including but not limited to, California Code of Civil Procedure, sections 337, 338, 339, 340, and 343.

8. **AS AN EIGHTH AFFIRMATIVE DEFENSE**, plaintiff is barred from recovery under the doctrine of waiver.

9. **AS A NINTH AFFIRMATIVE DEFENSE**, Everest National claims that there was or is a genuine dispute with respect to exhaustion of retained limits and/or payment of covered claims and for this reason defendant Everest National did not act in bad faith.

10. **AS A TENTH AFFIRMATIVE DEFENSE**, Everest National has at all times acted reasonably and in good faith with respect to the matter at issue and did nothing more than pursue, in a legitimate manner, the rights created in it by the provisions of the subject policies and by law. Therefore, no bad faith or other tortious breach of the subject policies could have occurred with respect to Plaintiff's claims.

11. **AS AN ELEVENTH AFFIRMATIVE DEFENSE**, Everest National is informed and believes, and thereon alleges, that to the extent Plaintiff alleges that Everest National failed to perform its contractual obligations, any such obligations to perform are discharged or excused by Plaintiffs' failure to perform their own contractual obligations.

12. **AS A TWELFTH AFFIRMATIVE DEFENSE**, Plaintiff is barred from recovery under the doctrine of unclean hands.

13. **AS A THIRTEENTH AFFIRMATIVE DEFENSE**, Plaintiff's damages, if any, were proximately caused by the actions of Plaintiff or its agents, and the liability of Everest National, if any, should be apportioned according to the fault of Plaintiff or its agents.

14. **AS A FOURTEENTH AFFIRMATIVE DEFENSE**, Everest National is informed and believes, and thereon alleges, that the alleged incident and damages, if any, were proximately caused by the negligence of firms, persons, corporations and/or entities other than Everest National, and that negligence comparatively reduces the percentage of fault, if any, attributable to Everest National.

15. **AS A FIFTEENTH AFFIRMATIVE DEFENSE**, Everest National is informed and believes, and thereon alleges, that any damages which Plaintiff may have sustained were not proximately caused by any act and/or omission of Everest National.

16. **AS A SIXTEENTH AFFIRMATIVE DEFENSE**, Everest National maintains that plaintiffs have no right to sue Everest National because there has not been full compliance with the policy provisions.

17. **AS A SEVENTEENTH AFFIRMATIVE DEFENSE**, Everest National maintains that under California Civil Code, section 3294, or any other provision of law upon which Plaintiffs claim exemplary damages, if applicable in this action, are invalid on their faces or as applied to Everest Indemnity.

18. **AS AN EIGHTEENTH AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, to the extent that the retained limits contained in the Everest National Policies have not been properly satisfied.

19. **AS A NINETEENTH AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements, and/or limitations contained in the Everest National Policies.

20. **AS A TWENTIETH AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, because the Underlying Judgment and Settlement thereon are not based on an "employment practice liability wrongful act" as defined by the Everest National Policies.

21. **AS A TWENTY-FIRST AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, because the Underlying Judgment and Settlement thereon are not based on an "employment practice liability wrongful act" that occurred during the applicable policy periods of the Everest National Policies.

22. **AS A TWENTY-SECOND AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, because the Underlying Judgment and Settlement thereon are based on a "willful act" within the meaning of California Insurance Code, Section 533.

23. **AS A TWENTY-THIRD AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, because the Everest Policies provide: "This insurance does not apply to a 'claim' or 'suit' against you for: […] 2. 'Bodily injury' or 'property damage' arising out of a […] 'employment practice liability wrongful act' […]."

24. **AS A TWENTY-FOURTH AFFIRMATIVE DEFENSE**, Plaintiff's claims are barred, in whole or in part, because the Everest Policies provide: "This insurance does not apply to a 'claim' or 'suit' against you for: […] 5. 'Bodily injury' to any 'employee' of the insured for the acts of another of your 'employees' arising out of and in the course of their employment by the insured. […]."

25. **AS A TWENTY-FIFTH AFFIRMATIVE DEFENSE**, Everest National reserves the right to amend this Answer to assert additional affirmative defenses and to supplement, alter or change this Answer and defenses upon revelation of more definitive facts by Plaintiff and/or upon discovery and investigation in this matter.

/ / /

/ / /

WHEREFORE, Everest National prays as follows:

1. That Plaintiff takes nothing by reason of its Complaint herein and that judgment be entered in favor of Everest National;

2. That Everest National be awarded its costs of suit incurred in defense of this action; and

3. For such relief as this Court deems just and proper.

DATED: April 15, 2019                    SELMAN BREITMAN LLP

By: *James R. Tenero*
    JAMES R. TENERO
    Attorneys for Defendant
    Everest National Insurance Company

Case 2:19-cv-00263-MCE-DB   Document 4   Filed 04/15/19   Page 12 of 12

**PROOF OF SERVICE**

County of Sacramento v. Everest National Insurance Company
U.S. District Court, Eastern District, Case No. 2:19-cv-00263-MCL-DB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105-4537. On April 15, 2019, I served the following document(s) described as **EVEREST NATIONAL INSURANCE COMPANY'S ANSWER TO COUNTY OF SACRAMENTO'S COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND DECLARATORY RELIEF** on the interested parties in this action as follows:

| | |
|---|---|
| Gregory P. O'Dea, Esq.<br>Longyear O'Dea and Larva<br>3620 American River Drive, Suite 230<br>Sacramento, CA 95864-5923<br>Email; odea@longyearlaw.com | Attorneys for Plaintiff County of Sacramento |

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the addressee(s).

☒ **BY ELECTRONIC SERVICE:** by transmitting a copy of the foregoing document(s) via internet/electronic mail to CM/ECF for service on all parties in this case via their e-mail addresses.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2019, at San Francisco, California.

_____
SHANNON GAFFEY

1

403035.1 1062.45344