JAMES R. TENERO      (SBN 201023)
MATTHEW K. TELFORD   (SBN 310125)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone    :    415.979.0400
Facsimile    :    415.979.2099
Email        :    jtenero@selmanlaw.com
                  mtelford@selmanlaw.com

SHERYL W. LEICHENGER (SBN 161688)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025-6538
Telephone    :    310.445.0822
Facsimile    :    310.473.2525
Email        :    sleichenger@selmanlaw.com

Attorneys for Defendant
EVEREST NATIONAL INSURANCE COMPANY

CRAIG E. FARMER      (SBN 61086))
DAWN D. CURTIS       (SBN 227076)
FARMER CURTIS, LLP
3620 American River Drive, Suite 218
Sacramento, CA 95864
Telephone    :    916-679-6565
Facsimile    :    916-679-6575
Email        :    cfarmer@farmercurtislaw.com
                  dcurtis@farmercurtislaw.com

Attorneys for Plaintiff
COUNTY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SACRAMENTO,<br><br>      Plaintiff,<br><br>  v.<br><br>EVEREST NATIONAL INSURANCE COMPANY,<br><br>      Defendants. | No. 2:19-cv-00263 MCE DB<br><br>STIPULATION AND PROTECTIVE ORDER |

In the interest of ensuring an efficient and prompt resolution of this action and of protecting confidential information from improper disclosure, the undersigned hereby stipulate, subject to approval and entry by the Court, to the following Protective Order issued pursuant to Fed. R. Civ. P. 26(c):

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of privileged, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

### 2. DEFINITIONS

As used herein:

    a. "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    b. "This action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

    c. "Disclosure" or "Discovery Material" shall mean any and all items or information, regardless of the medium or manner generated, stored, or

2

STIPULATION FOR PROTECTIVE ORDER- Case No. 2:19-cv-00263-MCE-DB

maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

d. "Confidential Information" or "Confidential Items" shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rules of Civil Procedure Section 26(c) and Federal Rule of Evidence Section 502.

e. "Receiving Party" shall mean a party that receives disclosure or disclosure material from the Producing Party.

f. "Producing Party" shall mean a Party, or a subpoenaed third party, that designates information or items that it produces in discovery disclosures or in response to subpoenas for documents in the above-entitled action.

g. "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "Confidential" and/or "Confidential/Privileged."

h. "Outside Counsel" shall mean attorneys who are not employees of a Party but who are retained to represent or advise either the County of Sacramento or Everest National Insurance Company as well as their support staffs.

i. "House Counsel" shall mean attorneys who are employees of either the County of Sacramento or Everest National Insurance Company as well as their support staffs.

j. "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by the County of Sacramento or Everest National Insurance Company or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of the County of Sacramento or Everest

3

National Insurance Company or a competitor of the County of Sacramento or Everest National Insurance Company and who, at the time of retention, is not anticipated to become an employee of the County of Sacramento or Everest National Insurance Company nor a competitor of the County of Sacramento or Everest National Insurance Company. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    k.    "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by County of Sacramento or Everest National Insurance Company or its counsel to or in court or in other settings that might reveal Protected Material.

**4.** **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Producing Party agrees otherwise in writing or a Court order otherwise directs.

**5.** **DESIGNATING PROTECTED MATERIAL**

    a.    Exercise of Restraint and Care in Designating Material for Protection. The Producing Party will designate information or items for protection under this Order and will limit any such designation to specific material that qualifies under the appropriate standards. The Producing Party will designate, for protection only, those parts of material, documents, items,

Selman Breitman LLP
ATTORNEYS AT LAW

3062 45344 4825-5460-5994 .v7

or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

 b. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Producing Party to sanctions.

 c. If it comes to the Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Producing Party must promptly notify the Receiving Parties that it is withdrawing the mistaken designation.

 d. Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualify for protection under this Order must be clearly designated before the material is disclosed, copied and produced. The Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" and/or "CONFIDENTIAL/PRIVILEGED" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted "CONFIDENTIAL" and/or "CONFIDENTIAL/PRIVILEGED."

 e. For information produced in some form other than documentary, and for

any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers, in which the information or item is stored the term "CONFIDENTIAL" and/or "CONFIDENTIAL/PRIVILEGED." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" and/or "CONFIDENTIAL/PRIVILEGED."

    f.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" and/or "CONFIDENTIAL/PRIVILEGED" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" and/or "CONFIDENTIAL/PRIVILEGED" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**     <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

    a.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by the Disclosing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, the Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

    b.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. **DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS**

   a. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, the Receiving Party may only disclose any information or item designated CONFIDENTIAL and/or CONFIDENTIAL/PRIVILEGED to:

   b. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this;

   c. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   d. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   e. The Court and its personnel;

   f. Court reporters, their staffs, and professional vendors to whom the disclosure is reasonably necessary for this;

   g. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   h. The author of the document or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" and/or "CONFIDENTIAL/PRIVILEGED" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

c. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

a. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

1. Notify in writing the Producing Party of the unauthorized

8

disclosures;

2. Use its best efforts to retrieve all copies of the Protected Material

3. Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

4. Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.** **FILING PROTECTED MATERIAL**

a. For Protected Materials that will be included in public records, the parties will meet and confer in good faith regarding the use of the protected documents. Additionally, the parties may stipulate to use of confidential and/or privileged materials in public records, so long as the materials are under seal. Should agreement not be reached, the Parties may avail themselves of the process and procedure set forth in Local Rule 141.

**11.** **FINAL DISPOSITION.**

a. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy all copies of Protected Material made available by the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

**12.** **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

3062 45344 4825-5460-5994 .v7

person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3062 45344 4825-5460-5994 .v7

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 02/13/2020                                     SELMAN BREITMAN LLP

*/s/James R. Tenero*
JAMES R. TENERO
Attorney for Defendant
EVEREST NATIONAL INSURANCE COMPANY

DATED: 02/12/2020                                     FARMER CURTIS, LLP

*/s/Craig E. Farmer*
CRAIG E. FARMER
Attorneys for Plaintiff
COUNTY OF SACRAMENTO

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially

11
STIPULATION FOR PROTECTIVE ORDER- Case No. 2:19-cv-00263-MCE-DB

related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: February 24, 2020        /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE

Selman Breitman LLP
ATTORNEYS AT LAW

3062 45344 4825-5460-5994 .v7

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Re: Confidential Information filed on February 13, 2020, in *County of Sacramento v. Everest National Insurance Company, United States District Court, Eastern District of California, Case No. . 2:19-cv-00263 MCE DB* and have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcription made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the Arbitrator for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 2020, at _____, California.

By: _____

Address:_____

Phone: _____

13
STIPULATION FOR PROTECTIVE ORDER- Case No. 2:19-cv-00263-MCE-DB