UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COUNTY OF SACRAMENTO, | No. 2:19-cv-00263-MCE-DB |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| EVEREST NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

Presently before the Court is Plaintiff County of Sacramento's ("Plaintiff") Ex Parte Application to Modify the September 10, 2020 Stipulation and Order to Further Modify Case Schedule. ECF No. 37 ("Ex Parte App."). Defendant Everest National Insurance Company ("Defendant") opposes this request. ECF No. 38. For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.[2] Fed. R. Civ. P. 16(b). The scheduling order "controls

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

the subsequent course of the action" unless modified by the Court.  Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Johnson, 975 F.2d at 609.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.; Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Johnson, 975 F.2d at 609.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  If the moving party was not diligent, the Court's inquiry should end. Id.

In its present Ex Parte Application, Plaintiff wants to modify the scheduling order again to "extend the deadline for discovery motions to be filed, heard, and ruled upon and the deadline for the parties to comply with any order entered by the Court on those discovery motions to December 1, 2020."  Ex Parte App. at 1.  Specifically, Plaintiff wants an extension to file a motion to compel the production of documents and have that motion be decided on the merits.  Id. at 9.

To begin, it is important to look at the procedural history of this case:  Plaintiff initiated this action on February 11, 2019, and the Initial Pretrial Scheduling Order ("PTSO") was issued on the same day.  ECF Nos. 1, 3.  Plaintiff did not serve Defendant with written discovery until January 17, 2020, after the Court granted the parties' first

///

stipulation to extend the discovery deadline to April 1, 2020.[3]  ECF No. 15; see also Exs. A and B, Tenero Decl., ECF No. 38-3 (Plaintiff's Special Interrogatories and Request for Production of Documents).  This Court subsequently granted two more stipulations, with the third stipulation extending the discovery deadline to September 29, 2020.  ECF Nos. 19, 24.  On September 8, 2020, the parties filed a fourth stipulation, which the Court granted, to extend only deposition discovery to October 30, 2020, while maintaining the September 29, 2020 deadline for all other discovery.  ECF Nos. 34, 35.

      Given that this case has been ongoing for over a year and a half, the Court finds that the issues presented by Plaintiff should have been dealt with before now.  Despite multiple extensions of the discovery deadline, Plaintiff claims that it did not learn about the deficiencies in Defendant's documentation until the depositions of Defendant's former employees, which occurred two weeks before the close of discovery.  See Ex Parte App. at 6 (referring to depositions that occurred on September 16 and 21, 2020).  However, a review of Plaintiff's Ex Parte Application indicates that Defendant did provide the documentation albeit with numerous redactions.  Id. at 5; see Def.s' Opp., ECF No. 38, at 7 (stating Defendant "produced the entire contents of its claim file (sans privilege or protected information) maintained" in the underlying action on March 6, 2020).  Furthermore, Plaintiff says that Defendant served amended responses on May 4, 2020, but Plaintiff waited until July 10, 2020, to send a meet and confer letter to resolve the discovery dispute.  Pl.'s Reply, ECF No. 39, at 2.  Ultimately, the timeline of events shows that Plaintiff had ample opportunity to conduct discovery and address any disputes with both Defendant and the Court, but it decided to wait until the final months to take any substantive action.

      With respect to whether a motion to compel should be permitted at this juncture, the PTSO specifically defines the term "completed" discovery to mean, among other things, that "any disputes relative to discovery shall have been resolved by appropriate

---

[3] The Court recognizes that Plaintiff retained new counsel in December 2019, ECF No. 10, and that the country has been severely impacted by the COVID-19 pandemic since March 2020, but none of this explains why no discovery took place between February 2019 and January 2020.

order if necessary." PTSO, ECF No. 3, at 2.  Plaintiff originally filed a motion to compel additional responses to special interrogatories and requests for documents on July 22, 2020, and noticed it for hearing on September 4, 2020, but the magistrate judge denied it on procedural grounds.  ECF No. 25.  Plaintiff subsequently filed a second motion to compel on September 4, 2020, but the magistrate judge denied it as untimely because there was insufficient time to rule on the motion before the close of discovery on September 29, 2020.  ECF Nos. 31, 36.  Again, Plaintiff waited to file its motion to compel two months before the close of discovery.  Even if the original motion to compel was not denied motion on procedural grounds, it seems that there still would have been insufficient time for the magistrate judge to rule on the merits and order Defendant's compliance if necessary, especially since the hearing was noticed for September 4.

The fact remains that this Court granted multiple extensions to the discovery deadline to a total of one year and seven months and Plaintiff's last-minute attempts to correct its errors does not satisfy the requisite "good cause."  Based on the foregoing, the Court finds that Plaintiff was not diligent in seeking modification of the scheduling order and thus has failed to show good cause under Rule 16(b).  Therefore, Plaintiff's Ex Parte Application, ECF No. 37, is DENIED.

IT IS SO ORDERED.

Dated:  October 16, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE