UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SACRAMENTO, | No. 2:19-cv-0263 MCE DB |
| Plaintiff, | |
| v. | ORDER |
| EVEREST NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

Pending before the undersigned pursuant to Local Rule 302(c)(1) is plaintiff's October 16, 2020, motion to compel and ex parte application for an order shortening time to hear the motion on October 23, 2020. (ECF Nos. 44 & 45.) Pursuant to Local Rule 144(e) an application to shorten time shall set forth by affidavit of counsel the circumstances justifying the issuances of an order shortening time. "[A]pplications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order[.]" Local Rule 144(e).

Here, the affidavit filed by plaintiff's counsel recounts plaintiff's attempts at obtaining the discovery at issue and then asserts that "the motion to compel must be heard on shortened time" so that the motion may "be heard and complied with before the deposition discovery cutoff" on October 23, 2020. (ECF No. 44.) Review of counsel's affidavit and the docket in this action

finds that counsel's explanation for the need to hear the motion on shortened time is not satisfactory.

In this regard, plaintiff commenced this action on February 11, 2019. (ECF No. 1.) That same day, a scheduling order issued ordering that all discovery be completed "no later than three hundred sixty-five (365) days from the date the federal case was opened." (ECF No. 3 at 2.) On January 6, 2020, the assigned District Judge granted the parties' stipulation to extend the discovery deadline to April 1, 2020. (ECF No. 15.) On February 18, 2020, the assigned District Judge again granted the parties' stipulation to extend the discovery deadline, this time to July 1, 2020. (ECF No. 20.) The assigned District Judge signed off on a third stipulated extension of the discovery deadline on June 10, 2020. (ECF No. 24.)

On September 4, 2020, plaintiff filed a motion to compel and noticed the motion for hearing on September 25, 2020. (ECF No. 31.) On September 10, 2020, the assigned District Judge yet again granted the parties' stipulation to extend deadlines, ordering that deposition discovery shall be completed by October 30, 2020, and all other discovery was to be completed by September 29, 2020. (ECF No. 35 at 3.) On September 22, 2020, the undersigned denied plaintiff's September 4, 2020 motion to compel because there was "not sufficient time remaining prior to the close of discovery" on September 29, 2020. (ECF No. 36 at 2.)

On September 24, 2020, plaintiff filed an ex parte application to again modify the scheduling order to extend the deadline for the completion of discovery. (ECF No. 37.) On October 16, 2020, the assigned District Judge issued an order denying plaintiff's ex parte request. (ECF No. 43.) In denying plaintiff's request, the assigned District Judge noted:

> To begin, it is important to look at the procedural history of this case: Plaintiff initiated this action on February 11, 2019, and the Initial Pretrial Scheduling Order ("PTSO") was issued on the same day. ECF Nos. 1, 3. Plaintiff did not serve Defendant with written discovery until January 17, 2020, after the Court granted the parties' first stipulation to extend the discovery deadline to April 1, 2020. ECF No. 15; see also Exs. A and B, Tenero Decl., ECF No. 38-3 (Plaintiff's Special Interrogatories and Request for Production of Documents). This Court subsequently granted two more stipulations, with the third stipulation extending the discovery deadline to September 29, 2020. ECF Nos. 19, 24. On September 8, 2020, the parties filed a fourth stipulation, which the Court granted, to extend only deposition discovery to October 30, 2020, while

2

> maintaining the September 29, 2020 deadline for all other discovery. ECF Nos. 34, 35.
>
> Given that this case has been ongoing for over a year and a half, the Court finds that the issues presented by Plaintiff should have been dealt with before now.
>
> ***
>
> The fact remains that this Court granted multiple extensions to the discovery deadline to a total of one year and seven months and Plaintiff's last-minute attempts to correct its errors does not satisfy the requisite "good cause." Based on the foregoing, the Court finds that Plaintiff was not diligent in seeking modification of the scheduling order and thus has failed to show good cause under Rule 16(b).

(Id. at 2-4.)

Approximately one hour after the assigned District Judge issued the above order, plaintiff filed the pending motion to compel and ex parte application for an order shortening time. (ECF Nos. 44 & 45.) Counsel's declaration evidence the same last-minute attempts at discovery noted above. In this regard, despite having been granted one year and seven months to complete discovery plaintiff waited to serve notice for the deposition at issue until "October 6, 2020." (Curtis Decl. (ECF No. 44) at 5.) That plaintiff waited until the last-minute to serve discovery does not provide "a satisfactory explanation for the need for the issuance of" an order shortening time.

Moreover, even if plaintiff had provided a satisfactory explanation for the need to hear the motion on shortened time on October 23, 2020—and plaintiff did not—the deadline for the completion of the discovery at issue is October 30, 2020. As plaintiff should be well aware, "'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (ECF No. 3 at 2.)

A hearing on October 23, 2020, provides only seven days for the undersigned to draft and issue an order, and for that order to be complied with, which in this context means the completion of a deposition. Seven days does not constitute sufficient time remaining prior to the close of

////

3

discovery to address the parties' discovery dispute, issue an order, and allow time for defendant to comply with that order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 16, 2020 ex parte application for an order shortening time (ECF No. 44) is denied;

2. Plaintiff's October 16, 2020 motion to compel (ECF No. 45) is denied without prejudice to renewal; and

3. The October 23, 2020 hearing is vacated.

Dated: October 19, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/sacramento0263.short.time.den.ord