UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SACRAMENTO,<br><br>         Plaintiff,<br><br>    v.<br><br>EVEREST NATIONAL INSURANCE COMPANY,<br><br>         Defendant. | No. 2:19-cv-00263-MCE-DB<br><br>**ORDER** |

Through this action, Defendant Everest National Insurance Company ("Defendant" or "Everest National") moved this Court for an order extending the page limit for its Memorandum of Points and Authorities in support of Motion for Summary Judgment from a 20-page limit to 50 pages. Presently before the Court is Defendant's Ex Parte Application to Extend Page Limit. ECF No. 48 ("Application"). Plaintiff County of Sacramento ("Plaintiff") timely opposed. Opp'n, ECF No. 49. For the reasons set forth below, Defendant's Application is GRANTED in part.

///

///

///

///

1

1    Plaintiff initiated the underlying suit on February 11, 2019, claiming that, *inter alia*,
2 Defendant was in breach of contract as related to an insurance relationship.  ECF No. 1.
3 In the instant Motion, Defendant requests an extension of the page limit for a motion for
4 summary judgment, citing the potential complexity of an insurance indemnity action.
5 Application at 2.  Defendant avers that indemnity actions are more complicated than
6 many insurance claims (e.g., duty to defend) because there must be a determination on
7 the actual basis of underlying liability.  Application at 2 (citing Armstrong World Indus.,
8 Inc. v. Aetna Cas. & Sur. Co., 45 Cal. App. 4th 1, 31 (1996)).  Therefore, Defendant
9 claims that the pending motion for summary judgment "will depend, in large part, on the
10 evidence, factual findings and liability established in the Underlying Action."  Application
11 at 2.  For its part, Plaintiff "maintains that a 30-page limit is sufficient[,] and a 50-page
12 limit is unnecessary to address legal issues in dispute in this case."  Opp'n at 1.

13    District courts will consider extending page limits for motions, especially under
14 "exceptional circumstances."  See, e.g., ABCDE Operating, LLC v. City of Detroit, 254 F.
15 Supp. 3d 931, 936 n.3 (E.D. Mich. 2017).  However, as a sister court in the Central
16 District recently reminded its litigants, judicial resources in our respective districts are
17 "stretched thin; and this is not the Court's only case."  BlackBerry Ltd. v. Facebook, Inc.,
18 No. CV 18-1844-GW-KSX, 2019 WL 11670622, at *37 (C.D. Cal. Oct. 1, 2019).
19 Extensive motions may jeopardize "securing the just, speedy, and inexpensive
20 determination of this action."  Id. (citing Fed. R. Civ. P. 1).  In this particular matter, the
21 docket already contains various Defendant requests to modify the case schedule.  See,
22 e.g., ECF Nos. 12, 18, 34.  With that stated, the Court is persuaded by Plaintiff's
23 concession that an extension to 30 pages may be sufficient and in the interests of
24 justice.  See Opp'n at 1.

25    In light of the foregoing, IT IS HEREBY ORDERED:
26    1. Everest National shall be allowed up to thirty (30) pages for its Memorandum
27        Points and Authorities in support of Motion for Summary Judgment.
28    2. Any opposition to said motion may also be up to thirty (30) pages in length; and

3. Any reply shall not exceed fifteen (15) pages.

**IT IS SO ORDERED**.

Dated: March 9, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE